# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| ROW EQUIPMENT SALES & RENTAL, INC., | * * * |
| Plaintiff, | * * |
| vs. | * CV 511-099 |
| GRANGE MUTUAL CASUALTY COMPANY d/b/a Grange Insurance, | * * * * |
| Defendant. | * |

## ORDER

Presently before the Court is a Motion for Partial Summary Judgment filed by Defendant Grange Mutual Casualty Company d/b/a Grange Insurance ("Grange" or "Defendant"). Dkt. No. 39. For the reasons stated below, Defendant's motion is **GRANTED**.

## BACKGROUND

This action is predicated on the alleged bad faith denial of commercial insurance coverage by Grange. The Plaintiff Row Equipment Sales & Rental, Inc. ("Row" or "Plaintiff") is in the business of selling and renting forestry and construction equipment. A Texas-based company, Johnson Construction Company ("JCC"), contacted Row and expressed an interest in purchasing a

1

machine used to cut down trees. Row had in its inventory a piece of equipment called a TimberKing 711B ("TimberKing"), which met JCC's needs. Around February 15, 2011, Row transported the TimberKing to one of JCC's job sites in Louisiana for a "demo." On March 14, 2011, the TimberKing, while still located in Louisiana, caught fire and burned.

Following the fire, Row submitted a demand for payment under its insurance policy for the loss of the TimberKing. Row is insured under a commercial insurance policy issued by Grange. Policy, Dkt. No. 1, Ex. 2. The policy incorporates specialized provisions titled the "Mobile Equipment Dealers Coverage." Under the Mobile Equipment Dealers Coverage form, coverage is excluded for pieces of "mobile equipment" that are "leased, rented, or loaned to others." Grange denied Row's demand based on that exclusion, asserting that the TimberKing was leased, rented, or loaned to JCC at the time of the fire. Row filed suit seeking (1) the value of the loss of the TimberKing, and (2) an additional fifty percent of the value of the TimberKing for Grange's bad-faith refusal to honor the claim as well as (3) Row's attorney's fees pursuant to O.C.G.A. § 33-4-6. Dkt. No. 1. This Court denied Grange's motion for summary judgment on the loss of the TimberKing's claim because there remain disputed

issues of material facts as to who had possession of the TimberKing at the time the loss occurred and the intent of Row and JCC. Dkt. No. 29. The parties reached a settlement agreement and resolved the part of the case concerning loss of the Timberking. All that remains is the bad faith and attorney's fees claims under O.C.G.A. § 33-4-6. Grange seeks summary judgment on the remaining claim. Dkt. No. 39.

## DISCUSSION

To establish liability for penalties and attorney fees under O.C.G.A. § 33-4-6, the insured must prove: (1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith. Jimenez v. Chicago Title Ins. Co., 712 S.E.2d 531, 534 (Ga. Ct. App. 2011) (citing BayRock Mortg. Corp. v. Chicago Title Ins. Co., 648 S.E.2d 433 (Ga. Ct. App. 2007)). Because the statute imposes a penalty, its requirements are strictly construed. Id.

Bad faith is defined as "any frivolous and unfounded refusal in law or in fact to comply with the demand of the policyholder to pay according to the terms of the policy." Johnston v. Companion Prop. & Cas. Inc. Co., 318 F. App'x 861,

3

868 (11th Cir. 2009) (quoting <u>Ga. Farm Bureau Mut. Ins. Co. v. Williams</u>, 597 S.E.2d 430, 432 (Ga. Ct. App. 2004)). Bad faith penalties are not permissible "where the insurance company has any reasonable ground to contest the claim and where there is a disputed question of fact." <u>Id.</u> (quoting <u>S. Fire & Cas. Ins. Co. v. Nw. Ga. Bank</u>, 434 S.E.2d 729, 730 (Ga. Ct. App. 1993)). Therefore, if a reasonable trier of fact could conclude that the TimberKing was excluded from Row's policy at the time the loss occurred, then Grange could not have acted unreasonably, or in bad faith, when it denied coverage.

This Court previously recognized factual disputes as to whether Row's policy covered the TimberKing at the time it caught fire. Dkt. No. 29. Specifically, the two factual disputes are: (1) who had possession of the TimberKing when it caught fire and (2) what was the intent of JCC and Row at the time the loss occurred. Dkt. No. 29.

Nevertheless, Row contends that Grange's denial was in bad faith because it was rendered before all the evidence was submitted to Grange. In short, Row contends the investigation was incomplete and that certain questions raised in investigatory interviews were suggestively posed. Row cites Georgia case law indicating that a cursory, incomplete

4

investigation supports the denial of summary judgment in a bad faith claim. See United Servs. Auto. Ass'n v. Carroll, 486 S.E.2d 613, 616 (Ga. Ct. App. 1997) (denying summary judgment on bad faith claim where claims examiner "failed to talk to the eyewitnesses and instead relied solely upon the [inconclusive] statement of the insured, an injured, elderly woman."); Moon v. Mecury Ins. Co. of Ga., 559 S.E.2d 506, 508 (Ga. Ct. App. 2002) (granting summary judgment on bad faith claim where several pieces of evidence from different sources suggested that there was no coverage).

The rule cited by Row does not apply to the present dispute in which a multi-faceted investigation was done and did yield conflicting data as to whether coverage exists. Dkt. No. 74, Ex. 1. For instance, entries in the claims notes Grange submitted reflect that Grange was informed that (1) the insured had owned the equipment for two years and, although the equipment had previously been rented, the insured had never before tried to sell it and (2) Grange was told different estimates of how long the equipment had been on site ranging from "a week or 2" to "4-6 weeks." Dkt. No. 74, Ex. 1. Because the investigation in the present case uncovered a reasonable

5

ground to contest the claim, summary judgment on the issue of bad faith is appropriate.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Partial Summary Judgment, Dkt. No. 39, is **GRANTED**. Plaintiff's Cross Motion for Summary Judgment, Dkt. No. 43, was resolved through a settlement agreement reached by the parties. See Dkt. No. 71. Accordingly, the Clerk of Court is instructed to close the case and enter an appropriate judgment.

**SO ORDERED**, this 13th day of August, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)